## Shanks, &c. vs. Griffin.

ERROR TO JEFFERSON CIRCUIT.         Case 30.

An undertaker agreed to lay the brick of a house to be built, at $2 50 per thousand, kiln count; the money was not due until the work was done. Held that a loss arising from the accidental destruction of a part of the wall before its completion must be borne by the undertaker.

Judge MARSHALL delivered the opinion of the court.     September 23.

The plain meaning of the contract, as alleged and proved is, that the defendant was to give the plaintiff $2 50 cents a thousand, kiln count, for doing the brick-work, that is, for laying the brick in the house. Until the entire brick work should be done, the consideration would not be performed, for which the $2 50 cents per thousand, kiln count, would become due ; and without some further stipulation, or some default, the employer was not bound to make payment until the work was complete. Under such a contract the loss arising from the accidental destruction of a part of the work before completion of the whole must fall on the undertaker, because he is entitled to nothing by the contract, and the employer has received no benefit. There is another feature in this contract which must throw the loss, that actually occurred, upon the undertaker of the brick-work. He is to be paid for doing the brick-work in the house, $2 50 cents per thousand, kiln count; from which it seems clear that, although he might have to lay the same brick twice or oftener, still the number laid, estimated according to kiln count, would be the same. This reference to the kiln count for estimating the number of thousands for which payment was to be made, seems to exclude all other modes of estimation. Although, therefore, a part of the unfinished walls of the house fell down, without fault on either side, and in consequence of an unexpected rise in the Ohio, by which it was submerged, and although, in completing

the building the undertaker had to lay a considerable number of bricks a second time, he was entitled to be paid but once for laying the bricks.

Wherefore, the judgment is affirmed.

· HARRISON for plaintiff; RIPLEY for defendant.